## APPEAL OF AMANDA BEATTY.

### [Amanda Beatty et al. v. Clara B. Beatty.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY, IN EQUITY.

Argued November 8, 1887—Decided October 22, 1888.

(a) The laws of a beneficial society authorized its members in good standing to surrender their certificates and have new ones issued at any time, upon the payment of a certain fee.

(b) A member named his mother as the beneficiary in his certificate, but, subsequently marrying, surrendered the certificate and took out another with his wife named therein as beneficiary, and delivered it into his wife's custody and control.

(c) Subsequently, and without the knowledge of his wife, the member obtained the last certificate, surrendered it, took a new one with his mother named therein as beneficiary, and afterwards died.

Statement of Facts.

1. In such case, the beneficiary in the second certificate was affected by the right of the member to surrender it and take out a new one with another beneficiary named in it, and had no right of action to recover the fund.

2. Moreover, as no action would lie upon the last certificate but by the beneficiary named therein, and as such action would not prejudice the real owner's right to the fund, the widow had no title to relief by bill in equity against the society, her remedy, if any, being at law.

Before GORDON, C. J., PAXSON, STERRETT and WILLIAMS, JJ.; TRUNKEY, GREEN and CLARK, JJ., absent.

No. 257 October Term 1887, Sup. Ct.; court below, No. 764 June Term 1887, C. P. in Equity.

On June 4, 1887, Clara B. Beatty, widow of Ross S. Beatty, deceased, filed a bill in equity against R. H. Beatty and Amanda Beatty, his wife, in right of said wife, and the Supreme Commandery of the United Order of the Golden Cross of the World, praying upon the facts charged therein : (1) An injunction restraining said Supreme Commandery, its officers and agents, from paying the amount of a certain benefit certificate to said Amanda Beatty, and to restrain said Amanda Beatty from instituting suit therefor. (2) An order and decree directing the payment of said certificate to the plaintiff. . (3) General relief.

An answer having been filed, the cause was put at issue and referred to *Mr. W. A. Schmidt*, appointed examiner and master who, on October 12, 1887, filed a report finding substantially the following facts :

1. That Ross S. Beatty, deceased, joined the United Order of the Golden Cross of the World in 1878, and continued to be a member thereof in good standing until his death on May 16, 1887.

2. That when he joined said order, he took out a benefit certificate for $2,000, in which he named his mother, Amanda Beatty, one of the defendants, as the beneficiary.

3. That in the latter part of 1883, having then married, he surrendered the certificate taken out in 1878, and took out another in which his wife, Clara B. Beatty, the plaintiff, was named the beneficiary ; and this change in the beneficiary was made in strict compliance with the laws of the order governing the same and in the mode and manner prescribed.

4. That when this second certificate was taken out it was delivered over into the personal possession, custody and control of the plaintiff, as a gift to her, and it remained in her possession and control until about September 6, 1886, when, without the knowledge and consent of the plaintiff, her husband surrendered it to the order and had a third one issued, in which he named his mother, Amanda Beatty, the beneficiary; that this change in the beneficiary was also made in strict compliance with the laws of the order governing the same and in the mode and manner prescribed; and that the plaintiff had no knowledge of the surrender of this second certificate until after her husband's death.

Upon the foregoing facts the master reported his opinion that Mr. Beatty having named his wife as the beneficiary in the certificate taken out by him in 1883, and having delivered the same into the possession and control of his wife, Clara B. Beatty, the beneficiary named therein, he relinquished all power and dominion over it as between himself and his wife; it was an absolute gift to her, and his subsequent surrender thereof without his wife's knowledge and consent was void; that Clara B. Beatty, the plaintiff, was the owner of the said certificate and had the right to collect the money thereon, and recommended that the cost of the proceeding should be paid, in the first instance, out of the fund in controversy, with the right to the plaintiff to collect the same hereafter by process of law or otherwise from the defendant.

The benefit certificate of Mr. Beatty contained these provisions:

This certificate is issued to Ross S. Beatty, a Member of Duquesne Commandery, No. 26, United Order of the Golden Cross, located at Pittsburgh, Pa., upon evidence received from said Commandery that he is a contributor to the Junior Class Benefit Fund of this Order, and upon condition . . . . .

THESE CONDITIONS being complied with, the Supreme Commandery United Order of the Golden Cross, hereby promises and binds itself to pay out of its Class Benefit Fund to Mrs. Amanda M. Beatty, Mother, in accordance with and under the provisions of the law governing said benefit fund, and upon satisfactory evidence of the death of said member, and upon

the surrender of this certificate, the sum of two thousand dollars; provided .. . . . . And further provided, that said member is in good standing in this order at the time of his death, and that this Certificate shall not have been surrendered by said member, and another Certificate issued at his request, in accordance with the laws of this order.

Law II, § 3, provided: " Members may at any time surrender their certificate and have a new one issued, by paying a fee of fifty cents."

The form of application for the new certificate was as follows :

.............................Commandery No................
.................................................188............
To................................Supreme Keeper of Records.....
I herewith surrender and return to you my benefit certificate, No......
and direct that a new one be issued to me payable to...................
.........  ...........  ...................................
................................................................
....  ....................  ..................................  ....

Fee of fifty cents enclosed.          Yours in S. S. S.,

.........................
**Member's signature.**

Subordinate seal.

Attest............................  .......
K. of R......................Commandery No........

The benefit certificate must show the name or names of beneficiary to whom the money is to be paid, and the relationship or dependence must be clearly stated in the application or notice of change. The name of some person MUST be given whose receipt for the money will relieve the Order from all further liability.

To the said report of the master, Amanda Beatty filed various exceptions, one of which was that the master erred :

10. In not recommending a decree dismissing the plaintiff's bill, with costs to the defendants.[10]

The exceptions having been passed upon and overruled by the master, and filed with his report; after argument thereof, the court, STOWE, P. J., on October 19, 1887, filed the following opinion and decree :

I can see no just cause of complaint with the finding of facts by the master. They seem to me well sustained by the evidence.

The whole question then is, had Ross S. Beatty a right to surrender the benefit certificate which he had taken out in the name of his wife and delivered to her as her own property, and take out this one of September 17, 1886, in the name of and for the benefit of his mother without the knowledge or consent of his wife. This depends upon whether he had made such a disposition of it as vested an absolute title in her. I think it clear that the mere fact that a member of this society had designated his wife or mother as the beneficiary, did not take away his legal right to change it from one to the other, or even to give it to some third person, if he saw fit to do so. But whenever by sale or assignment of any kind, for value, he creates a legal or equitable right in the transferee, he then lost his right to further change the beneficiary. While this is not like a policy of life insurance, taken out for the benefit of a third party whose name is designated in the policy, but may be changed from time to time in accordance with the regulations of the society, so long as the beneficiary named has no vested interest in it, or, in other words, so long as nothing has been done further than to take out the certificate in his or her name, and the member still retains the possession or control over the certificate, yet I think that it may be the subject of a gift to the beneficiary named, and that such gift will be in legal effect executed by a delivery of such certificate to the beneficiary with the intent duly expressed at the time to give her the sole use, control and ownership in it. If this is so, then Ross S. Beatty made a gift of this certificate to the plaintiff which he had no power to avoid without her consent, and therefore as between the plaintiff and defendant, Mrs. Amanda Beatty, the former is entitled to receive the amount due and payable by the Supreme Commandery, United Order of the Golden Cross of the World, the other defendant.

A decree was then signed and entered, as prayed for in the bill, whereupon the defendants took this appeal, specifying as error, inter alia:

10. The overruling of defendants' 10th exception.[10]

*Mr. Wm. A. Stone*, for the appellants:

1. It is conceded that the surrender of the certificate which named the plaintiff as beneficiary, and the taking out of another

naming the mother as such beneficiary, was regular and in strict conformity with the laws of the order. The constitution and articles of a voluntary association, are a law to its members : Thompson v. Adams, 93 Pa. 55.

2. That the person upon whose life this insurance was effected had the right, under the authority of the provisions of the certificate and of the laws of the order issuing it, to change the beneficiary, is settled by Fisk v. Equitable Aid Union, 20 W. N. 290, opinion by Mr. Justice STERRETT, and by Vollman's App., 92 Pa. 50. The same point has been so held in Masonic M. Benefit Soc. v. Burkhart, 119 Ind. 189; Lamont v. Grand Lodge, Legion of Honor, 31 Fed. R. 177; Mitchel v. Grand Lodge, Iowa Knights of Honor, 70 Ia. 360.

*Mr. J. McF. Carpenter*, for the appellee :

1. A gift though differing in some respects from a contract, is nevertheless, when perfected by delivery, an executed contract: 2 Kent's Com., 438; Fross's App., 105 Pa. 258; Scott v. Lauman, 104 Pa. 595. The delivery necessary in case of a gift must be secundum subjectam materiam: Madeira's App., 17 W. N. 202; Bond v. Bunting, 78 Pa. 210; Waynesburg College's App., 111 Pa. 130; 2 Wait's Act. & Def. 487. When a certificate or policy of this kind is made payable to a beneficiary named and delivered, it becomes thereby an executed gift irrevocable : Vollman's App., 92 Pa. 51; and see Sherk v. Endress, 3 W. & S. 256; Mack's App., 68 Pa. 231.

2. At the time of the alleged gift to Amanda Beatty by Ross S., he was but 19 years of age; and, in addition, there is no clear proof of the delivery by him of the certificate to her. The evidence of a gift from him to his wife was amply sufficient to warrant a finding to that effect, and the master and the court have so found. The transaction was between husband and wife. The defendant is a mere volunteer. In this aspect of the case, it falls within the rule of Crawford's App., 61 Pa. 55, and we submit that the delivery of the certificate to the plaintiff was in fact and in law a gift, and should not be disturbed.

OPINION, MR. JUSTICE WILLIAMS :

This case is ruled by Fisk v. The Equitable Aid Union, re-

ported in 20 W. N. 290. In that case the benefit certificate issued to Mrs. Fisk was made payable to her husband, was delivered into his possession, and he assumed and actually paid. all the fees and assessments thereon. She subsequently obtained possession of the certificate, surrendered it without the knowledge or consent of her husband, and received a new one in its stead, naming four other persons beside him as beneficiaries. The original certificate expressly provided that she might change the beneficiary at any time by surrendering it and taking out a new one; and this court affirmed her right to do so, notwithstanding the previous delivery to the husband and the payment of the money by him. In the opinion of the court, delivered by our brother STERRETT, it is well said the husband "knew or was bound to know that he held the certificate subject to the right of his wife to change the designation of those to whom the insurance money should be paid upon her death."

In this case Ross Beatty obtained a benefit certificate in 1878, payable to Amanda Beatty, his mother, and delivered it to her; his father, R. H. Beatty, paying the assessments. In the spring of 1883, Ross Beatty was married, and soon after his marriage he obtained possession of the certificate, and without his mother's knowledge or consent surrendered it and took out another, payable to his wife Clara, and delivered it to her. In 1886 he was in failing health, and his mother nursed and attended on him. In September of that year he surrendered certificate No. 2 and procured a new one, payable, as the original one had been, to his mother, and delivered it into her possession. This was done without the knowledge or consent of his wife. He died in the following May. The mother is now seeking to recover the money due to her upon certificate No. 3, which was made payable to her.

The case is, therefore, upon all fours with Fisk v. The Equitable Aid Union, supra. An effort is made to distinguish it from that case by reason of the master's findings. He found as a fact that in certificate No. 2, Ross Beatty "had named his wife as the beneficiary in the certificate and delivered the same into her possession and control." From these facts he concludes as matter of law that he had made "an absolute gift to her, and his subsequent surrender thereof without his wife's

knowledge and consent was void," and as a consequence certificate No. 3 was void. If the conclusion thus drawn by the learned master follows legitimately from his facts, it shows very clearly that certificate No. 2 was also void, and Clara Beatty had no title whatever, for in 1878 Ross Beatty named his mother as the beneficiary in the certificate No. 1 and delivered it into her possession and control. From these facts it would follow that he made an absolute gift of the certificate to his mother, and that the surrender of it without her knowledge and consent was void. But the conclusion does not follow from the facts found in either case, for the reason, so clearly stated in Fisk's Case, that "whoever becomes a beneficiary in such a certificate has notice upon the face of the paper that it is held subject to the right of the insured to surrender it and name another beneficiary at will." The decree must, therefore, be reversed and the injunction dissolved.

But we do not see how a court of equity has any jurisdiction in this case. The defendant in the court below is the beneficiary named in the certificate which she seeks to collect. She is the only person who can sue upon it. Clara Beatty is a stranger to it and neither claims nor could claim under it. On the contrary, she denies its validity and asserts that it is void. If this be so, it is probable the insurance company will defend for that reason at the proper time, but it will be in a court of law. Why, then, should not Amanda Beatty be allowed to proceed against the company on her certificate? If the position of the learned master is correct, that Ross Beatty could not make a valid surrender of the certificate No. 2, in which his wife was named as beneficiary, without her consent, and that his proceeding in that behalf was void, then it is too clear for argument that she has an ample remedy at law by action against the company upon her certificate, notwithstanding its surrender. If, on the other hand, the master was, as we think, very clearly wrong in his conclusion, then she has no standing whatever, under the rule laid down in Fisk's Case.

In either view she has no title to equitable relief, and her bill should be dismissed.

> And now, October 22, 1888, the decree is reversed, the injunction dissolved, and the bill dismissed at the costs of the appellee.