# King v. Supreme Council Catholic Mutual Benefit Association, Appellant.

*Beneficial associations—Death benefits—Change of beneficiary.*

Where a beneficial association has paid death benefits into court, and a contest has arisen between a minor daughter of the deceased member representing her deceased mother, and a brother of the member, a judgment for the daughter will be sustained where it appears that the mother was originally named the beneficiary, that she was given the certificate of membership by her husband with the assurance that he would never

change it, that the wife relying on this assurance paid out of her separate estate the assessments and charges upon the certificate until a time when, without her knowledge or consent her husband surrendered it to the association for a new certificate, in which his brother was substituted as the beneficiary.

Argued Oct. 29, 1906.  Appeal, No. 139, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 1,041, for plaintiff on case stated in suit of Mary P. King, Guardian of Julia Conway, a minor, v. Supreme Council Catholic Mutual Benefit Association, interpleaded with John Conway.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Case stated to determine ownership of death benefits.  Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff for $2,000.

*Thomas M. Marshall, Jr.,* for appellant.—This certificate or policy of a benefit association creates no vested interest in the beneficiary but only an expectancy, which cannot become a vested or absolute right to the proceeds of the policy until the death of the assured : Brown v. Ancient Order of United Workmen, 208 Pa. 101; Thomeuf v. Knights of Birmingham of Pennsylvania, 12 Pa. Superior Ct. 195 ; Beatty's App., 122 Pa. 428; Fisk v. Equitable Aid Union, 20 W. N. C. 290.

A member of a beneficial association, subject to the laws of the association, is entitled to name his beneficiary.  The association has no discretion in the matter, but must issue the certificate to the person named: Scholl v. Sadoury, 42 Pitts. L. J. 43 ; Death Benefit Fund of K. G. E. v. Liberty Castle K. G. E., 5 Pa. Dist. Rep. 385; Supreme Lodge, Knights of Honor v. Martin, 13 W. N. C. 160; Fisk v. Equitable Aid Union, 20 W. N. C. 290 ; Beatty's App., 122 Pa. 428; Vollman's App., 92 Pa. 50 ; Jones's App., 154 Pa. 107; Burst v. Weisenborn, 1 Pa. Superior Ct. 276.

The naming of a beneficiary is not a contract with him, but merely a designation or appointment: Thomeuf v. Knights of

Birmingham, 12 Pa. Superior Ct. 195; Brown v. A. O. U. W., 208 Pa. 101; Love v. Love, 22 W. N. C. 119.

*Chas. D. Gillespie*, with him *D. A. Behen*, for appellee.— The deceased waived his right to change the beneficiary: Hoxie v. Home Ins. Co., 32 Conn. 21; Stewart v. Crosby, 50 Maine, 130; Warren v. Crane, 50 Mich. 300 (15 N. W. Repr. 465); West v. Platt, 127 Mass. 367; Farlow v. Ellis, 81 Mass. 229; Bidwell v. Pittsburg, 85 Pa. 412; McKnight v. Pittsburg, 91 Pa. 273; Penna. R. R. Co. v. Wolfe, 203 Pa. 269; Broadrick v. Broadrick, 25 Pa. Superior Ct. 225; Krause's Est., 45 P. L. J. 29; Phoenix Mut. Life Ins. Co. v. Doster, 106 U. S. 30 (1 Sup. Ct. Repr. 18); Insurance Co. v. Slockbower, 26 Pa. 199.

OPINION BY MR. JUSTICE STEWART, January 7, 1907:

The benefit association, while necessarily a party to the case, is not a party to this contention; it has paid into court the amount admittedly due on the certificate of membership, for the use of such party as the law shall declare entitled to it. The real parties are, John Conway, here the appellant, who is the beneficiary named in the certificate, and Julia Conway, acting by her guardian, minor daughter of Michael Conway deceased, upon whose life the benefit certificate was issued. The material facts are, that Michael Conway having been admitted to membership in the association, immediately handed his certificate over to his wife, Mary Ann, who was the beneficiary named therein, at the same time telling her that it was hers, and that he would never change it except it be to make her children the beneficiaries therein; that the wife relying upon this assurance paid out of her separate estate the assessments and charges upon the certficate, until a time when, without her knowledge or consent, the husband surrendered it to the association for a new certificate, in which his brother John, the appellant, was substituted as the beneficiary. The question arising on these facts is, to whom does the fund belong? Appellant claims it as the appointee of the member on whose life the certificate was issued, under the laws of the association; the daughter, in the right of the mother, now deceased, contending that under the facts of

the case an equity in the fund results to the wife, the first appointee. If the contention be sustained, it is agreed that the daughter properly represents this equity. The case calls for an application of the same principles that governed in the case of Penna. R. R. Co. v. Wolfe, 203 Pa. 269. Here, as there, the association has wholly withdrawn from the controversy by paying the fund into court; and it is not a question in which it has any concern. It was upon the strength of the assurance given by Conway to his wife, that she was to remain the beneficiary except as he should appoint her children instead, that the wife was induced to keep alive the insurance by paying the assessments out of her separate estate. It is impossible to regard this as anything but a present assignment to take effect and attach as soon as the fund came into existence. As between these parties there was nothing to prevent it from so operating. The right of disposition of the fund rested in Conway, the member. A contract, upon sufficient consideration, to appoint, was held in Penna. R. R. Co. v. Wolfe, 203 Pa. 269, to be enforceable in equity. With quite as much reason, and indeed for the same reason, a contract with the beneficiary named, not to appoint another, is just as enforceable. There the party failed to make the substituted appointment he had promised, and it was held that equity, to prevent a flagrant wrong, would treat that as done which ought to have been done. So here, equity will refuse to recognize an appointment as made, which the party had stipulated he would not make; in other words, equity will estop him from exercising a right he otherwise would have had, to the prejudice of one whom he had misled into an expenditure through reliance upon his promise. Conway having induced his wife to expend her money on this insurance, must be held, by equitable principles, to have waived his right to substitute another beneficiary to her exclusion.

Judgment affirmed.