## Haller, Appellant, *v.* Haller.

*Beneficial associations — Beneficiaries—Wife — Gift of certificate — Change of beneficiary.*

1. Where the by-laws of a beneficial association give to a member an unqualified right to change the name of a beneficiary, the wife of a member who had originally been named beneficiary, and to whom the member gave his membership certificate as a gift, cannot claim the death benefits as against the stepmother of the member, whose name had been substituted as beneficiary, where at the time the membership

certificate was given to the wife, no consideration had passed from her to him, and where there was no contractual relation between him and her, nor between her and the relief department.

2. Where, in such a case, the trial judge submits to the jury the question whether there had been in fact a gift to the wife, and the jury decides that question adversely to the wife, the jury cannot recommend that the benefit be equally divided between the wife and the stepmother.

3. Where on an interpleader to determine whether the wife of a member of a beneficial association who had been originally named as beneficiary, and the member's stepmother, whose name had been subsequently substituted as beneficiary, was entitled to the benefits, the wife avers that substitution had been procured through the member's mental incompetency and through undue influence exercised upon him, and there is no evidence whatever to support these claims, the trial judge cannot be convicted of error in refusing to submit them to the jury.

*Evidence—Testimony of plaintiff—Uncontradicted testimony—Province of court and jury.*

4. In an action of assumpsit the fact that the only testimony in support of plaintiff's claim is his own testimony and that this is uncontradicted, will not justify the trial judge in taking the case away from the jury. In such a case it is for the jury to estimate the value of the evidence of the witness, and determine its credibility.

Argued Oct. 24, 1910. Appeal, No. 212, Oct. T., 1909, by plaintiff, from judgment of C. P. Blair Co., June T., 1908, No. 128, on verdict for defendant in case of Hattie Haller v. Mary E. Haller. Before RICE, P. J., HENDERSON, MORRISON ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Feigned issue in an interpleader to determine title to death benefits. Before SHULL, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The verdict and the judgment thereon were in the following form:

June 12, 1909—A jury of the county being called, do say they find (June 12, 1909) that we do not consider this relief certificate a gift to Hattie Haller, but we recommend that the death benefit of Frederick J. Haller be equally divided between the plaintiff and the defendant.

Now, August 12, 1909—Judgment is entered in the above stated action in favor of Mrs. Mary E. Haller and against the plaintiff, Mrs. Hattie Haller, as per decree of court this day filed, in the sum of $776.10.

*Errors assigned* were (1–31) various rulings and instructions.

*Thomas H. Greevy*, with him *A. W. Porter*, for appellant.

*J. F. Sullivan*, for appellee.

OPINION BY HENDERSON, J., March 3, 1911:

This case arises on a feigned issue formed in an interpleader proceeding to determine the title to a fund paid into court by the Penna. R. R. Voluntary Relief Department, after the death of Frederick J. Haller who was a member of that department at the time of his death. The plaintiff was the wife of the member and the defendant was his stepmother. Haller joined the relief department on March 2, 1901, and in his application for membership appointed his wife the beneficiary in the case of his death. On January 17, 1908, he substituted Mary E. Haller, his stepmother, as beneficiary. This was done under the authority of paragraph 28 of the rules or by-laws of the organization which provides that an applicant may in his principal application or subsequently in the prescribed form designate a beneficiary or beneficiaries who shall upon the approval of the designation by the superintendent of the relief department be entitled to receive his death benefit. The plaintiff claimed the fund on the allegation that when her husband became a member of the association he handed to her the book of rules in which was pasted a certificate of his membership in the association and at the same time said to her: "This is a gift for you. Never part with it or give it to anyone else. That's yours and you hold it." The defendant's claim is based on the fact

that she was the last nominated beneficiary and therefore entitled to the fund under the rules of the department. The issue as submitted to the jury by the court was whether a gift was made by Haller to his wife of the benefit as claimed by the plaintiff. At the trial the plaintiff contended that the designation of the defendant as a beneficiary was invalid, (a) because Haller was mentally incompetent to direct a change of the beneficiary, and (b) because the change was brought about by undue influence exercised by the defendant; but the court refused to submit the questions thus raised to the jury for the reason that there was no evidence tending to support the appellant's position and this action constitutes one of the principal grounds of complaint. We have therefore examined the evidence with care for the purpose of ascertaining whether any part of it supports the appellant's position, but we do not find any testimony which would at all justify or sustain a verdict in favor of the appellant's contention on these points. Testimony was offered to show that in the latter part of December preceding the time when the substitution of a beneficiary was made Haller was grossly intoxicated; that he was so for several days and that he had been a man of intemperate habits for years. The plaintiff and another witness testified to this effect, but their evidence did not relate to a date later than December 27, 1908, at about which time the plaintiff left her husband and he was removed to the home of his father and stepmother and all of the evidence relating to his mental condition between the last-named date and the time when the substitution was made is to the effect that his mind was not only clear and normal but that he exhibited no indication of the use of alcoholic drinks and that he had none while at his father's house. He had been afflicted with tuberculosis of the lungs for a long time and died of that disease and while he was weak in body during the last weeks of his life there is not any evidence that at the time the new beneficiary was designated he was not entirely

capable of understanding the nature of the transaction and conscious of its object and effect. The physician who represented the relief department and under whose supervision the substitution was made testified very positively as to his capacity to understand the nature of the business and other witnesses gave testimony to like effect. Both the presumption of sanity and the testimony in the case excluded any conclusion of a want of mental capacity to transact the business. It is sufficient to say on the subject of undue influence that there is no evidence whatever that points in that direction. The father of the young man took him to his home because his wife had separated from him and there was no one in the apartments occupied by them to look after him. Disease had so far enfeebled him that he was not able to take care of himself and it became necessary that provision be made for him. His stepmother assisted in caring for him at her home but that she used any influence to induce him to substitute her name as beneficiary or that she procured any other person to suggest the matter to her stepson is not hinted at in the testimony and is positively denied by the defendant. With these questions out of the way the matter for consideration in the view which the court took of the case was the claim by the plaintiff that her husband made a gift to her of the benefit; and this question the court submitted to the jury in a clear charge. The action of the court in leaving it to the jury to determine whether the benefit was given to the appellant is assigned for error and it is contended that as the only testimony on that subject was that of the plaintiff and her testimony was uncontradicted the court should have decided the matter, but this contention is not in harmony with the law. It is for the jury to estimate the value of the evidence of a witness and determine its credibility and the jurors are not compelled to rely on his statement because he is uncontradicted and not impeached by other evidence. His manner while testifying or the improbability of his story or his motive or bias

may discredit him. The authorities are numerous on this subject but we need only to refer to Trexler v. Africa, 33 Pa. Superior Ct. 395, and Lautner v. Kann, 184 Pa. 334. The action of the court in molding the verdict to conform to the issue was in accord with the doctrine of Fisher v. Kean, 1 Watts, 259; Keen v. Hopkins, 48 Pa. 445; Cohn v. Scheuer, 115 Pa. 178; Clouser v. Patterson, 122 Pa. 372, and other cases. The recommendation of the jury that the benefit be equally divided between the plaintiff and defendant was not pertinent to the issue as submitted by the court and was properly disregarded. Having found that there was not a gift of the relief certificate to the plaintiff the jury had no further authority over the subject. When the jury found against the plaintiff on the fact on which she relied, her case failed; for under the rules of the relief department there was a clear right in the member to change beneficiaries.

But there is a radical objection to the plaintiff's claim irrespective of the verdict. What she says her husband gave her was merely the evidence which he held that he was a member of the association. No consideration passed from her to him and there was no contractual relation between him and her nor between her and the relief department. The possession of the book of rules gave her no right which she would not have had without it. If no change of beneficiary had been made she would have been entitled to the fund on the death of her husband but this was not because of any consideration moving from her but because of the nomination made by her husband when he became a member of the department. His wife did not by the fact of such designation acquire a vested absolute property in the benefit. During the lifetime of a member of a beneficial association the beneficiary named by him is a mere volunteer with an expectancy contingent on the death of the member and subject to the possibility that another beneficiary may be named where such change is permitted by the laws of the society. His right to the proceeds of the certificate or

policy does not become absolute until the death of the member: Beatty's App., 122 Pa. 428; Brown v. A. O. U. W., 208 Pa. 101; Noble v. Police Beneficiary Assn., 224 Pa. 298. The right of a member to change the beneficiary in such an organization is unqualified and neither the assent of the beneficiary nor the surrender of the certificate is necessary unless required by the rules of the order: Beatty's App., 122 Pa. 428; Hamilton v. Arcanum, 189 Pa. 273; Fisk v. Equitable Aid Union, 20 W. N. C. 290; Sabin v. Phinney, 134 N. Y. 423; Spengler v. Spengler, 65 N. J. Eq. 176. What the appellant calls a gift did not change her relation to the benefit fund nor invest her with a right theretofore existing in her husband so that he could not subsequently name his stepmother as the person to receive the benefit: Heasley v. Heasley, 191 Pa. 539. The learned counsel for the appellant considers Penna. R. R. Co. v. Wolfe, 203 Pa. 269, a controlling case to which may be added King v. Supreme Council, Catholic Mut. Ben. Assn., 216 Pa. 553, but each of these cases turned on the fact that the claimant's title was acquired by contract and for a valuable consideration. In the first case the member of the relief department having previously named his sister as beneficiary entered into an agreement of marriage and one of the considerations on which the woman promised to become his wife was that after their marriage he was to have her made the beneficiary and that thereafter and partly on the inducement and consideration of this agreement the claimant married him. That case decided that the moment the marriage contract was complete the wife had an equitable claim to the certificate or to the benefit it represented; that she had a vested right in the benefit after marriage, not a right dependent on the will or whim of her husband, but one no longer in his power, as between him and her, for him to confer or withhold. The wife could not rescind the marriage contract; neither could the husband cancel the obligation he had entered into to secure to her the benefit. It was, therefore, held that equity would make the substitution of the wife as

beneficiary which the husband ought to have made after his marriage; but it will be observed that this case has its whole foundation on the fact that there was a contract for a valuable consideration which had been performed on the part of the wife and that the husband in entering into the marriage waived the right of nomination which he theretofore had, because of his antenuptial agreement to make the substitution. The second case is of like import. There the husband, having become a member of the association, handed over his certificate to his wife who was named therein as the beneficiary, telling her at the same time that it was hers and that he would never change it unless to make her children the beneficiaries therein; and the wife relying on this assurance paid out of her separate estate the assessments and charges on the certificate up to the time when her husband, without her knowledge or consent, surrendered it to the association for a new one in which his brother was substituted as the beneficiary. The conclusion of the court in that case was put expressly on the ground that the wife was induced to keep alive the insurance by paying the assessments out of her separate estate because of the assurance given by the husband that she was to remain the beneficiary. The husband having induced the wife to expend her money on the insurance was held, in harmony with equitable principles, to have waived the right to substitute another beneficiary to her exclusion. These cases do not sustain the appellant's position, for she does not claim to have done anything or to have omitted to do anything by reason of what was said by her husband at the time he handed to her the book of rules.

We need not consider the assignments, thirty in number, in detail. Many of them relate to the trial and others to the opinion of the learned trial judge in entering judgment for the defendant. The view we have taken is a determination that on the case as presented by the plaintiff the defendant was entitled to a verdict.

The judgment is affirmed.