ELAINE McCLOUD v. AETNA LIFE INSURANCE COMPANY.
AMANDA J. McCLOUD, INTERPLEADED DEFENDANT,
APPELLANT.[1]

January 25, 1946.

No. 34,110.

[1]Reported in 21 N. W. (2d) 476.

*Durham & Swanson,* for appellant.
*Hyman M. Juster,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by Elaine McCloud, the widow of Merwin Kay McCloud, to recover $1,000, the face value of a life insurance policy issued September 3, 1939, by Aetna Life Insurance Company on the life of said Merwin Kay McCloud, who died February 16, 1944. The policy originally named Amanda J. McCloud, mother of insured, as beneficiary, but on November 24, 1942, insured executed and delivered to the company a change-of-beneficiary form designating plaintiff as beneficiary thereunder.

Pursuant to stipulation, the company paid into court the proceeds of the policy to await determination of the ownership thereof. At that time, likewise pursuant to stipulation, Amanda J. McCloud (hereinafter referred to as defendant) was interpleaded as a defendant in the action.

After trial by the court, findings were made and judgment ordered for plaintiff. Thereafter defendant moved for amended findings or a new trial, which motion was denied. This appeal is from the judgment entered in favor of plaintiff.

With reference to the right of insured to change the beneficiary, the policy provided:

"During the lifetime of the insured, the right to receive all cash values, loans, dividends and other benefits accruing hereunder, to exercise all options and privileges described herein, and to agree

with the Company to any change in, amendment to, or cancellation of this policy shall vest alone in the life owner (hereinafter so called) designated as follows: the insured.

"The beneficiary may be changed as often as desired, by filing a written request therefor at the Home Office of the Company accompanied by the policy for endorsement and such change shall *take effect as of the date of execution of such request * * *."* (Italics supplied.)

On April 19, 1941, insured married plaintiff. On December 7, 1941, he joined the armed forces of the United States. On October 14, 1942, at his request, the insurance company forwarded to him its form for change of beneficiary. On November 24, 1942, he executed said form, therein designating plaintiff as beneficiary in the policy, and forwarded it to the company, which received it on December 14, 1942. He died in the armed forces on February 16, 1944.

During all of said time the policy was in possession of defendant. It was not delivered to the company for endorsement of change of beneficiary as provided for therein. All premiums thereon were paid by defendant before and subsequent to the change of beneficiary and up until the death of insured.

On appeal, defendant states that she does not rest her case "upon the fact that the change of beneficiary was not endorsed on the policy but upon the superior equities * * * which entitle her to the proceeds of this insurance."

▮ Defendant asserts that under equitable doctrines applicable herein, where all premiums on a life insurance policy are paid and the policy retained by the beneficiary thereof, a legal interest as distinguished from a mere expectancy in favor of such beneficiary is created therein. In support thereof, defendant cites Neary v. Metropolitan L. Ins. Co. 92 Conn. 488, 103 A. 661, L. R. A. 1918F, 306; Benard v. Grand Lodge, 13 S. D. 132, 82 N. W. 404; Gaston v. Clabaugh, 106 Kan. 160, 186 P. 1023; and King v. Supreme Council, 216 Pa. 553, 65 A. 1108.

With the exception of Neary v. Metropolitan L. Ins. Co. *supra,* in each of the cases cited the court found that an agreement between the insured and the original beneficiary had been made whereby the insured, notwithstanding his right to change beneficiaries, had promised, that, if the beneficiary paid all or part of the premiums on the policy involved, such right to change beneficiaries would not be exercised. In each of said cases the insured acted to change the beneficiary in violation of such agreement. The courts there held that valid contracts enforceable in equity had been established whereunder the insured had forfeited any right to change beneficiaries in the policies involved.

In the instant case, no evidence of any agreement between insured and the original beneficiary was presented, and no findings were made that such an agreement existed. In the Neary case, under circumstances somewhat similar to those here, the court held that, even in the absence of such an agreement, where the premiums were paid by the original beneficiary an equitable interest in the proceeds of the policy was created which prevented the insured from designating a new beneficiary except in strict compliance with the regulations in the policy. There, because provisions of the policy requiring surrender thereof for endorsement of change in beneficiary had not been complied with by the insured, the court held that no change of beneficiary was effected. The decision implies that, had the insured complied with such provisions, the equities of the original beneficiary would have terminated.

In the instant case, it may be also noted that the policy provides that a change of beneficiary shall *take effect as of the date of execution of the request* therefor by insured, a provision not included in the policy involved in the Neary case. In any event, the latter case appears contra to the majority rule applicable to situations of this kind. Almost without exception the courts have upheld the right of an insured to change beneficiaries where the policy so provides and where no agreement to the contrary has been established, even though the original beneficiary may have paid all premiums on the policy. Quist v. Western & Southern L. Ins. Co.

219 Mich. 406, 189 N. W. 49; Novosel v. Sun L. Assur. Co. 49 Wyo. 422, 55 P. (2d) 302; Jory v. Supreme Council, 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 A. S. R. 17; Supreme Council v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. ed. 1182, 1 A. L. R. 966; 37 C. J., Life Insurance, § 350.

■ The fact that the policy here was not surrendered for endorsement is immaterial, and defendant so concedes. With reference thereto, in Brajovich v. Metropolitan L. Ins. Co. 189 Minn. 123, 126, 127, 248 N. W. 711, 712, 713, we held:

"The change of beneficiary to plaintiff was not indorsed by the insurance company upon the certificate of Eli Kovich.

\* \* \* \* \*

"* * * The jury and the court having found that the change of beneficiary was duly forwarded to and received by the insurance company, the insured had then done all that was required on his part to effect a change of beneficiary. The indorsement of such change upon the policy was but a formal or ministerial act which the insurance company, under this policy, was obligated to do. It had no option or right to do otherwise."

■ Payment of premiums by the original beneficiary created no vested interest for her in the policy. Such payments are regarded as voluntary or gratuitous and, in the absence of an agreement to such effect, create no additional rights for the beneficiary making them. As stated in Supreme Council v. Behrend, 247 U. S. 400, 38 S. Ct. 525, 62 L. ed. 1186, 1 A. L. R. 966, *supra:*

"* * * The mere fact that she paid some, and possibly all, of the assessments, prior to the change of beneficiary * * * raises no legal claim. Perhaps there was not even a moral claim; since throughout the period during which she paid assessments, she enjoyed the full protection which the Order agreed to furnish; and for this alone payments were made."

See, also, Novosel v. Sun L. Assur. Co. 49 Wyo. 422, 55 P. (2d) 302, and Quist v. Western & Southern L. Ins. Co. 219 Mich. 406, 189 N. W. 49, *supra.*

■ In construing regulations governing change of beneficiary, at one time the courts distinguished between regulations of fraternal insurance organizations and those in ordinary life policies of old-line insurance companies. This distinction no longer appears to exist, and the courts now apply the rules outlined above alike to both types of insurance policies. As stated in Quist·v. Western & Southern L. Ins. Co. 219 Mich. 410, 189 N. W. 51, *supra:*

"There is no longer any distinction, in the governing rules of law, between an ordinary life insurance policy in which the insured has reserved the right to change the beneficiary and mutual and fraternal insurance policies under which the by-laws or charters give the right of change. * * *

"Any permanent vested interest in plaintiff as beneficiary was rendered impossible under the very terms of the contract for the insurance, and could become vested only in case she remained the beneficiary at the death of the insured. The authority is so uniform upon this subject that but few cases need be cited. * * * Metropolitan Life Ins. Co. v. O'Brien, 92 Mich. 584 [52 N. W. 1012]; Golden Star Fraternity v. Martin, 59 N. J. Law 207 (35 Atl. 908); Mutual Benefit Life Ins. Co. v. Swett, 137 C. C. A. 640, 222 Fed. 200 (Ann. Cas. 1917B, 298)."

Under the foregoing authorities, it is clear that defendant had no vested interest in the proceeds of the policy, and, since she was not protected against change of beneficiary by agreement with insured, her interest as beneficiary ceased when insured executed the change-of-beneficiary form and delivered it to the company. Plaintiff then became beneficiary, and at the date of death of insured was entitled to the proceeds of the policy. The judgment of the trial court must be affirmed.

Affirmed.