*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0200**

Kimberlee Ann Nelson,
Appellant,

vs.

Lynette Nelson, et al.,
Respondents.

**Filed October 6, 2014
Affirmed
Reyes, Judge**

Pennington County District Court
File No. 57CV1324

Denise A. Sollund, Brink, Sobolik, Severson, Malm & Albrecht, P.A., Hallock, Minnesota (for appellant)

Ronald I. Galstad, John D. Schroeder, Galstad, Jensen & McCann, P.A., East Grand Forks, Minnesota (for respondents)

        Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

        This is an appeal from the district court's grant of summary judgment declaring that respondents are the rightful beneficiaries of the decedent's life-insurance proceeds. Appellant argues that the district court erred by determining that life insurance is not a

marital asset and by failing to award her the proceeds under Minn. Stat. § 518.58, subd. 1a (2012), which prohibits spouses contemplating divorce from transacting in or using marital assets to derive a profit or loss without the other party's consent. Because we conclude that there is no remedy available to appellant under Minn. Stat. § 518.58, subd. 1a, which pertains only to dissolution proceedings, we affirm the district court's order.

## FACTS

Decedent Michael Nelson and appellant Kimberlee Nelson were married in 1996. Decedent later executed a will that intentionally omitted appellant from sharing in his estate, believing that her family would provide for her. In 2007, decedent purchased a term life-insurance policy with a $1,000,000 benefit, naming appellant as the primary beneficiary of the policy. The policy's premiums were paid by a business owned by decedent.

In February 2012, decedent contacted an attorney to prepare a joint petition and stipulation to dissolve his marriage with appellant. In April 2012, before the divorce action was initiated or the joint petition and stipulation for divorce was prepared, decedent changed the beneficiary of his life-insurance policy to respondents Lynette, Clifford, and Tracy Nelson, decedent's parents and sister. In May 2012, appellant served a summons and petition for dissolution of marriage on decedent.

Decedent died in September 2012, before his marriage to appellant was dissolved. Thereafter, decedent's mother was appointed personal representative of his estate. Although excluded from decedent's will, as the surviving spouse, appellant asked for

2

homestead rights, a family allowance, household furnishings, and an elective share of decedent's augmented estate.

In November 2012, appellant filed a declaratory action against respondents, claiming entitlement to the proceeds of decedent's life-insurance policy, alleging that the change of the designated beneficiary constituted a transfer of marital assets in contemplation of divorce, in violation of Minn. Stat. § 518.58, subd. 1a. In September 2013, appellant and respondents made cross-motions for summary judgment, each claiming entitlement to the proceeds of decedent's life-insurance policy. The district court granted summary judgment to respondents, concluding that the life-insurance policy was not a marital asset, decedent was not under any restraints by the court when he changed the designated beneficiary on the policy, and the life-insurance policy is not an asset subject to property division in a divorce. This appeal followed.

## D E C I S I O N

"A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993) (citation omitted). Here, the facts are undisputed, but appellant contends that she is entitled to decedent's life-insurance proceeds as a matter of law. "When the material facts are not in dispute, we review the [district] court's application of the law de novo." *In re Collier*, 726 N.W.2d 799, 803 (Minn. 2007).

Appellant claims that she is entitled to the insurance proceeds based on Minn. Stat. § 518.58, subd. 1a, which provides:

> During the pendency of a marriage dissolution, separation, or annulment proceeding, or in contemplation of commencing a marriage dissolution, separation, or annulment proceeding, each party owes a fiduciary duty to the other for any profit or loss derived by the party, without the consent of the other, from a transaction or from any use by the party of the marital assets. If the court finds that a party to a marriage, without consent of the other party, has in contemplation of commencing, or during the pendency of, the current dissolution, separation, or annulment proceeding, transferred, encumbered, concealed, or disposed of marital assets except in the usual course of business or for the necessities of life, the court shall compensate the other party by placing both parties in the same position that they would have been in had the transfer, encumbrance, concealment, or disposal not occurred. . . . In compensating a party under this section, the court, in dividing the marital property, may impute the entire value of an asset and a fair return on the asset to the party who transferred, encumbered, concealed, or disposed of it.

Appellant contends that, because decedent changed the beneficiary designation on his life-insurance policy in contemplation of divorce, she is entitled to the proceeds of his life insurance, which is the same position she would have been in had he not changed the designation in violation of this statute. We disagree.

Minn. Stat. § 518.58, subd. 1a, requires a "current dissolution, separation, or annulment proceeding" in order to be applicable, and the remedy contemplated is imposed in the dissolution proceeding, during the division of marital property. But "[w]hen a party to a marriage that has not been dissolved dies, the marriage relation 'no longer exists' and, as a result, any then-pending dissolution proceeding abates." *In re Marriage of Rettke*, 696 N.W.2d 846, 850 (Minn. App. 2005) (quoting *Tikalsky v.*

4

*Tikalsky*, 166 Minn. 468, 470, 208 N.W. 180, 180 (1926)).  Appellant and decedent's dissolution proceeding ended upon decedent's death.  *See id.* (clarifying that "you can't 'divorce a dead person'").  This left appellant in the position of a bona fide heir as a surviving spouse and without a current dissolution proceeding in which to grant her requested relief.

Appellant attempts to take advantage of both her rights as a surviving spouse and a remedy under the marriage-dissolution statute.  This sort of double-dipping has been frowned upon by this court.  *See Rettke*, 696 N.W.2d at 851 (agreeing with the personal representative of husband's estate that wife could not "both take a share from the mediated dissolution settlement as if the dissolution had gone through, and also take advantage of the fact that when husband died, since the dissolution had not been finalized, she was in all respects a bona fide heir, a surviving spouse.").  Instead of being entitled to benefits under both probate and dissolution statutes, appellant is in the same position as any other surviving spouse whose decedent-spouse designated a third party as his or her life-insurance beneficiary.  Appellant has no claim to the proceeds of the policy under the dissolution statutes, and any relief available to her derives from a body of law outside the dissolution statutes.  *See McCloud v. Aetna Life Ins. Co.*, 221 Minn. 184, 187-89, 21 N.W.2d 476, 478-79 (1946) (providing that a life-insurance beneficiary's rights "become vested only [if] she remain[s] the beneficiary at the death of the insured," and stating that "[a]lmost without exception the courts have upheld the right of an insured to change beneficiaries where the policy so provides and where no agreement to the contrary has been established.")

Appellant is not entitled to relief under Minn. Stat. § 518,58, subd. 1a,[1] and the district court did not err by granting summary judgment to respondents.

**Affirmed.**

---

[1] This situation is distinguishable from the one presented in *Am. Family Life Ins. Co. v. Noruk*, 528 N.W.2d 921 (Minn. App. 1995), *review denied* (Minn. Apr. 27, 1995). In *Noruk*, this court considered the alleged wrong of the decedent-spouse in changing his life-insurance beneficiary in the context of the restraints put on decedent by the divorce proceeding. *Id.* at 924. But unlike Minn. Stat. § 518.58, subd. 1a, the applicable statute in *Noruk*, Minn. Stat. § 518.091 (1994), did not detail a remedy available to the aggrieved party and therefore did not limit the availability of a remedy to a dissolution proceeding or division of marital property. Moreover, the court in *Noruk* did not address whether the action was properly considered in the context of the dissolution statute.