# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1172

_____

Metropolitan Life Insurance Company

*Plaintiff*

v.

Kaye Melin

*Defendant - Appellant*

Ashley Sveen; Antone Sveen

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 18, 2018
Filed: August 15, 2018
[Published]

_____

Before BENTON and SHEPHERD, Circuit Judges, and EBINGER[1], District
Judge.

_____

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa, sitting by designation.

PER CURIAM.

This case is on remand from the Supreme Court of the United States. *Sveen v. Melin*, 138 S. Ct. 1815 (2018). In 1998, Mark A. Sveen designated his then-wife, Kaye L. Melin, as the primary beneficiary of his life insurance policy, and his children as contingent beneficiaries. In 2002, Minnesota extended its revocation-upon-divorce statute to life insurance policies. Sveen and Melin divorced in 2007. When Sveen died in 2011, Melin was still the primary beneficiary on the policy. The insurance company filed an interpleader to determine the proper beneficiaries. Melin and the children cross-claimed for the proceeds. The district court awarded the proceeds to the children, rejecting Melin's argument that applying the statute retroactively is an impermissible impairment under the Contracts Clause. This court reversed and remanded, holding that the statute is unconstitutional when applied retroactively. *Metropolitan Life Ins. Co. v. Melin*, 853 F.3d 410, 411-12 (8th Cir. 2017). The Supreme Court reversed and remanded, holding that retroactive application of Minnesota's revocation-upon-divorce statute did not violate the Contracts Clause. *Sveen*, 138 S. Ct. at 1818.

In light of the Supreme Court's decision in *Sveen*, this court affirms the district court's grant of summary judgment awarding the policy proceeds to the children.

\* \* \* \* \* \* \*

The case is remanded to the district court for proceedings consistent with this opinion.

_____