HENRY FISCHER v. ROBERT MALCHOW.[1]

December 2, 1904.

Nos. 14,206—(104).

**Benefit Insurance.**

The rules of defendant society, an unincorporated mutual insurance association, whose membership was confined exclusively to mothers, provided that upon the death of a member the society would pay to the widower or orphans of the deceased member a certain sum, and that the beneficiary in the certificate of membership might be changed by a member on compliance with the rules of the association. It is *held:*

1. That the word "orphans," as used in the rules of the association, was intended in the sense of "children," and not in the strict legal sense of orphans.

2. That the beneficiary in the certificate involved in this case was changed with the consent of the officers of the association, who waived a full compliance with the rules of the association.

It is further *held* that the society could waive compliance with such rules.

[1] Reported in 101 N. W. 602.

Action in the municipal court of Minneapolis to recover from the original defendant, "Hermann's Soehne Schwestern-Logen," an unincorporated benefit insurance society, the sum of $500 upon an insurance certificate issued to Caroline Allison, payable in case of her death to plaintiff. Robert Malchow intervened claiming ownership of the benefit fund under a certificate subsequently issued at the request of the insured in which he was named as beneficiary. The society paid the money into court and Malchow was substituted as defendant. The case was tried before Dickinson, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*A. C. Middelstadt,* for appellant.

*Albert Schaller,* for respondent.

BROWN, J.

On April 1, 1895, Caroline Allison, a widow, became a member of defendant society, an unincorporated mutual insurance association, and there was issued to her a certificate of membership, which designated her two sons, Richard and Robert Malchow, as beneficiaries. She subsequently married the plaintiff herein, and thereafter caused a change to be made in the beneficiary certificate by designating the plaintiff, her husband, as such, and omitting the two sons. She thereafter died, and plaintiff brought this action against the society to recover the amount of the insurance, $500. A few days prior to her death she again caused her certificate of membership to be changed, so far as the beneficiary was concerned, by the issuance of a new certificate designating her son Robert Malchow as sole beneficiary. The society paid the money into court, and the controversy in the action is between plaintiff, the widower, and the son Robert, designated as beneficiary in the last certificate issued to the deceased in her lifetime.

The rules and regulations of the association provide that at the death of a member in good standing the surviving widower or orphans, or, if such did not exist, the person who was authorized to receive the same, should be paid as many dollars as there were members in the life insurance branch of the association, providing the sum did not exceed $500. It appears that Robert Malchow, the beneficiary named in the last certificate of membership issued to deceased, was at

the time of his mother's death twenty-eight years of age; and it is contended by plaintiff that he was not an orphan, though it appears that his father was dead, within the meaning of the rules of the association, and was therefore not entitled to receive the money due from the association; that plaintiff, the widower, is alone entitled to it, notwithstanding the membership certificate directed its payment to the son.

We are unable to concur in this view. The association is composed of mothers, and the purpose of the insurance feature of the organization was to provide at the death of members for the surviving husband and children. The rules and regulations were drawn, not by a skilled legal hand, but evidently by members of the association; and it is apparent that the word "orphans" was used therein in the sense of "children," and not in the strict legal sense of orphans. A child might cease to be an orphan, within the strict meaning of the law, on arriving at his majority or on becoming married, but he would never cease to be the child of his mother, to whatever age he might live; and it is fair to assume that the mothers who prepared and adopted the rule referred to did not intend to disinherit their children if of age at the time of their death.

It is also contended by plaintiff that the change of the beneficiary from him to the son was not made in accordance with the rules of the association, and was ineffectual, not only, as claimed, because the son was not at the time an orphan, but because the rules of the association were not complied with.

Section 4, article 8, of such rules, provides that any member who wishes to change the beneficiary named in the certificate of membership may do so in the manner therein prescribed. Whether the rules were strictly complied with in this case is not of first importance. The fact remains that a change of beneficiary was in fact made with the consent of the officers of the association, and it does not lie with plaintiff to urge that the rules of the association were not, in effecting the change, fully complied with. The rules were made for the benefit of the association and to protect it, and not beneficiaries or others claiming the money to be paid upon the death of a member. It was clearly within its power to waive a strict compliance with the rules providing for a change, and in the case at bar, by the issuance of the new certificate, by which the beneficiary was changed from plaintiff to the son,

the association did waive compliance with its rules. Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961. Plaintiff had no vested interest in the money to be paid under the certificate. The contract was between deceased and the association, and expressly conferred upon her the right to effect a change of beneficiary at any time she might think proper to do so. The members clearly had the right to designate either their husbands or children as beneficiaries.

Order affirmed.