HAZEL ADAMS, APPELLANT, v. POLICE & FIREMEN'S INSURANCE ASSOCIATION ET AL., APPELLEES.

FILED MAY 17, 1919. No. 20488.

1. **Insurance:** CHANGE OF BENEFICIARY. If the holder of a fraternal beneficiary certificate desires to change the beneficiary named therein, and has done all within his power and knowledge to procure such change to be made by the society, a court of equity, as between conflicting claimants, will treat the change as having been made.

2. **Cases Distinguished.** The controlling statute having been amended, the cases of *Counsman v. Modern Woodmen of America*, 69 Neb. 710, and *Urick v. Western Travelers Accident Ass'n*, 81 Neb. 327, are distinguished.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed, with directions.*

*Switzler, Goss & Switzler,* for appellant.

*Will H. Thompson & Son, Kenneth S. Finlayson* and *Baldrige & Saxton,* contra.

ALDRICH, J.

This is an action in equity for the purpose of declaring that a change of beneficiaries was made in a fraternal beneficial certificate, changing the beneficiary from Mary Elias, the deceased mother of John Q. Adams, the insured, to Hazel Adams, his wife, and, in case that such a change should be held to have been made, awarding plaintiff, Hazel Adams, the whole proceeds of the certificate. If there was no change of beneficiaries, then the heirs of the insured are entitled to the proceeds of the certificate, one-quarter to the surviving wife, who is not the parent of the surviving child, and three-quarters to the defendant Cora Frances Adams, a minor. Therefore it is seen that this litigation is between the plaintiff and the defendant Cora Frances Adams.

The insurance company, it appears, recognized its liability, paid the amount of the insurance policy into court, and decided to let the court determine who were the rightful claimants to the proceeds of the policy sued upon. The defendant insurance company is in the nature of a fraternal insurance association. It only takes risks on the lives of policemen and firemen, hence its name, Police & Firemen's Insurance Association, a corporation, etc.

Mary Elias, the beneficiary named, died in the lifetime of the insured. After her death the insured spoke to Martin J. Dineen, a member of the advisory board of the defendant company, with regard to changing the beneficiary. Dineen instructed him to bring the certificate to his office and he would make the desired change. Some time about the middle of July, 1916, the insured brought the policy to Dineen at his office, Dineen then drew a line through the name of the mother, wrote in the name of the wife, and told the insured that the change was made. The certificate was then delivered to his wife by the insured, who kept it in her possession until his death. There was no other officer of the defendant in the state, and Dineen transacted all its business in connection with the delivery of certificates and the collection and remittance of premiums. He testifies that he had no copy of the by-laws of the association, though he had often requested a copy from the head office, and it is not shown that the insured ever saw or received a copy of them. This was the first change of beneficiary that Dineen had ever been asked to make. After the change was made the insured continued to pay premiums to Dineen until his death. The home office was not informed of the change made in the policy until after the death of Mr. Adams.

The by-law with regard to the right of changing beneficiaries is as follows: "Every member of this

association shall have the right to change his beneficiary or beneficiaries by making a request in writing to the association for such change and designating the name or names and address or addresses of the new beneficiary or beneficiaries, (which beneficiary or beneficiaries must be related to or dependent upon the member), which change shall become effective when approved by the executive committee, and the member so changing his beneficiary or beneficiaries shall be entitled to have a new policy issued to him in accordance therewith, upon delivering to the secretary of the association the old policy, or in case of the loss of such old policy, of making such satisfactory proof of such loss.''

It is within the power of the insured to change the beneficiary in a fraternal benefit insurance certificate without the consent of the beneficiary, but as a general rule, in order to effect such change, the insured must follow the manner pointed out in the certificate, or in the by-laws of the association. The statutes in some states expressly require that the consent of the society be obtained, and ordinarily in such states an attempted change made without the consent of the society will not operate to change the beneficiary. Formerly in this state the statute provided that any member of such a society ''shall have the right at any time *with the consent of such corporation, association, or society* to designate a new and different beneficiary without requiring the consent of such beneficiary.'' Ann. St. 1903, sec. 6638.

The provision requiring the consent of the society was repealed, and the statutes of Nebraska at this time make no such requirement. While this statute was in force, the cases of *Counsman v. Modern Woodmen of America*, 69 Neb. 710, and *Urick v. Western Travelers Accident Ass'n*, 81 Neb. 327, were decided. In both these cases it was held that the attempted change was ineffectual; the consent of the society not

having been given. This statute having been repealed, it seems clear that the legislature intended to make it easier for the insured to make a change of beneficiaries, and these cases can no longer be considered as authority. Ordinarily, however, the procedure specified by the society should be followed.

In *Supreme Conclave, Royal Adelphia, v. Cappella,* 41 Fed. 1, Mr. Justice Brown says the general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions: "(1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. * * * (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. * * * (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued."

The case at bar seems to us to fall under the second or third exception. There is nothing to show that the insured ever had received a copy of the by-laws of the society, and there is nothing upon the certificate itself to apprise him of any particular manner in which the change of beneficiaries was required to be made. The only officer of the society within the state had no copy of the by-laws in his possession, and the society had failed and refused to furnish him one, notwithstanding his requests. The insured died before he had any knowledge that the action of Dineen was not in

accordance with the provisions of the by-laws. He had done all that he could under the circumstances. The society itself is not denying liability on account of the irregular action of its representatives, but is willing to pay the money to the party whom the court declares is entitled to it.

With these facts in evidence, a court of equity will decree that to have been done which ought to be done, and will determine and declare that the change has been effected. Plaintiff is therefore the proper beneficiary, and is entitled to receive the entire proceeds of the certificate. The judgment of the district court is reversed and the cause remanded, with directions to render judgment in accordance with this opinion.

REVERSED.

SEDGWICK, J., not sitting.