MAGGIE A. GOODRICH, APPELLANT, V. GRAND LODGE, BROTHERHOOD OF RAILROAD TRAINMEN: MARIE GOODRICH, APPELLEE.

FILED NOVEMBER 26, 1921. No. 21730.

1. Appeal: MOTION FOR NEW TRIAL. Where, in an action on a beneficiary certificate, the society admits liability and pays the amount of the certificate into court, and the action proceeds as a suit in equity between contesting claimants for the insurance, only equitable considerations being involved, no motion for a new trial in the lower court is necessary to entitle this court to review the entire record.

2. Insurance: CHANGE OF BENEFICIARY. Where the insured fills out and signs the printed blank on the back of a beneficiary certificate, changing the beneficiary, and causes the delivery of the certificate to the local secretary while the insured is still alive, and the local secretary sends the certificate to the home office of the order, and the general secretary and treasurer certifies the transfer on the back of the certificate and returns it to the local secretary, and where the by-laws and directions on the back of the certificate leave not a particle of discretion to any one, the certification, by the general secretary and treasurer, relates back to the time of delivery to the local secretary. *Held*, that the change of beneficiary is complete, although insured dies before the general secretary and treasurer receives the certificate, as his duties are ministerial only, and all rights under the certificate vest in the new beneficiary upon the death of the insured.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Reversed, with directions.*

Goodrich v. Grand Lodge, B. of R. T.

*J. P. Palmer,* for appellant.

*Macfarland & Macfarland* and *Gray & Brumbaugh,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BUTTON and COLBY, District Judges.

BUTTON, District Judge.

In this action Maggie A. Goodrich, mother of Rollo Goodrich, deceased, seeks to recover from the Grand Lodge of the Brotherhood of Railroad Trainmen and Marie Goodrich, wife of Rollo Goodrich, on a certain beneficiary certificate issued by said order to Rollo Goodrich. Rollo Goodrich died October 20, 1918. Prior to his death, he and his wife, Marie Goodrich, had trouble, and a divorce action was pending between them at the time of his death. Marie Goodrich was named in the beneficiary certificate as beneficiary. On October 15, 1918, Rollo Goodrich, being very ill from pneumonia, attempted to change the beneficiary from his wife to his mother. There is a sharp conflict in the testimony as to just what occurred following the 15th of October, 1918, and the death of Rollo Goodrich on October 20, 1918. The evidence is sufficient, however, to support the findings of the trial court as to what occurred between said dates, and it will serve no useful purpose to examine the testimony as to such findings. The trial court found: That the grand lodge had admitted its liability and had paid the amount of the certificate, $600, into court, and that the contest was between the wife and mother, as to which one was entitled to the money. And the court further found: That Rollo Goodrich died October 20, 1918; that on October 15, 1918, Rollo Goodrich filled out the printed transfer on the back of said certificate and signed the same; that on October 19, 1918, said certificate was delivered to John J. O'Donnell, local secretary of the lodge, and by him transmitted on October 21, 1918, to the grand lodge at Cleveland, Ohio, where it arrived on

October 24, 1918. The general secretary and treasurer of the grand lodge, on the 24th day of October, 1918, made a transfer of said certificate, as requested, upon the books, and certified the fact on the back of the certificate, and returned the same to John J. O'Donnell, with instructions to deliver it to Maggie A. Goodrich, mother of Rollo Goodrich, deceased. The trial court found in favor of Marie Goodrich, and decreed the $600, paid into court by the lodge, to her. The object of this appeal is to reverse said judgment.

No motion for a new trial was filed within three days after judgment, as our statutes require in law actions, and appellee stoutly contends that this is a law action, and that the court ought not to consider the bill of exceptions at all. The grand lodge did not answer, but paid the amount of the certificate into court, leaving the contest to Marie Goodrich, the wife, and Maggie A. Goodrich, the mother, as to which one was entitled to the money. To settle this contest the trial court had to determine whether Rollo Goodrich had done all required of him, under the by-laws of the order and the certificate, to cause a change of beneficiary, and whether or not what remained for the officer of the lodge to do was merely a ministerial act, and, as a matter of equity, the change was actually complete. The action proceeded as one in equity, and as between Marie Goodrich, the wife, and Maggie A. Goodrich, the mother, only equitable considerations were involved, and no motion for a new trial was necessary to entitle this court to review the entire record.

Section 62 of the by-laws provide: "All transfers of beneficiary certificates shall be made upon the books of the grand lodge, under the direction of the general secretary and treasurer, and any and all transfers made in any other manner shall be null and void. Any member desiring to transfer his beneficiary certificate shall fill out the printed transfer on the certificate and sign his name thereto, and send the same to the general secretary and treasurer, through the secretary of a lodge of the

brotherhood. It shall be the duty of the general secretary and treasurer, immediately upon its receipt, to certify to such transfer in the form provided therefor in the certificate, and until so certified by the general secretary and treasurer the transfer will not be complete."

Rollo Goodrich filled out the form on the certificate, named Maggie A. Goodrich beneficiary, and signed it on October 15, 1918, and caused its delivery to the local secretary on the 19th day of October, 1918, while he, Rollo Goodrich, was still living. Manifestly, this was all he was required to do. The local secretary sent the certificate to the grand lodge, all that was required of him. The by-laws do not provide that the grand lodge shall do anything upon receipt of the certificate. The grand lodge was not required to call a meeting and vote upon such transfer. The by-laws provide that the general secretary and treasurer shall certify the transfer as directed by the insured on the back of the certificate. The by-laws provide that the transfer shall not be complete until certified upon the back of the certificate, but direct the general secretary and treasurer to do this immediately upon receipt of the certificate with the transfer properly filled out and signed by the insured. The general secretary and treasurer has no choice; there is nothing for the grand lodge to do; the general secretary and treasurer must do as commanded in the by-laws and directed on the back of the certificate by the insured. This is a ministerial act, and, when done, relates back to the time of delivery—in this case, October 19, 1918. And there is a good reason why this is true. There is but one order, and the home of the society is Cleveland, Ohio. Had Rollo Goodrich lived in Cleveland, his change of beneficiary would have been certified to by the general secretary and treasurer on October 19, 1918, at the home office. Since the order has branches in widely located places throughout the country, this ministerial act of the general secretary and treasurer relates back to the time of delivery to the local secretary. *Supreme Conclave,*

*Royal Adelphia v. Cappella,* 41 Fed. 1; *Wandell v. Mystic Toilers,* 130 Ia. 639; *Luhrs v. Luhrs,* 123 N. Y. 367, 9 L. R. A. 534.

"So, where a member of a benefit society has complied with all the requirements necessary to effect a substitution of a proper person as beneficiary in. place of the one originally designated by him, and has surrendered his certificate to the proper officer of the local lodge for the purpose of having the change made, and all that remains to be done is the purely formal matter of making the change, without a particle of discretion remaining in any one, the right of the substituted beneficiary attaches, and the new certificate, when issued, will relate back to the time of such surrender, so that his claim will not be defeated by the death of the member before the change is actually made." 2 Joyce, Law of Insurance (2d ed.), sec. 751.

"Equity does not demand impossible things, and will consider as done that which should have been done, and, when a member has complied with all the requirements of the rules for the purpose of making a substitution of beneficiaries within his power, he has done all that a court of equity demands." 14 R. C. L. 1392, sec. 556.

We do not believe the foregoing is at variance with any of our own decisions, when rightly understood. In *Counsman v. Modern Woodmen of America,* 69 Neb. 710, the by-laws involved in that case provided: "No change in the beneficiary shall be of effect until the delivery of the new .certificate, and until then the old certificate shall be held in force." Here was something for the association to do. The old policy was to remain in force until the new one was delivered. Manifestly the new policy could not be delivered to the insured after his death. No provision of this kind is in the case before us. The association in the case at bar had nothing to do. Only a ministerial act remained, and the grand lodge had delegated performance of this act to its officer by the terms of the by-laws. The case of *Adams v. Police & Firemen's*

*Ins. Ass'n,* 103 Neb. 552, in so far as applicable to the facts in the case at bar, is in line with our reasoning herein.

It seems plain from the foregoing that upon the delivery of the certificate signed by Rollo Goodrich to John J. O'Donnell on October 19, 1918, the beneficiary was changed from Marie Goodrich, the wife, to Maggie A. Goodrich, the mother, for when the general secretary and treasurer certified to the transfer, this act related back to the date of delivery to the local secretary, and Rollo Goodrich was still living at that time. It follows, therefore, that upon the death of Rollo Goodrich on October 20, 1918, his mother was his beneficiary and all rights under the certificate that instant vested in appellant.

The judgment of the trial court is reversed, with instructions to render judgment for appellant for the amount due under the certificate.

REVERSED.