QUIST v. WESTERN & SOUTHERN LIFE INSURANCE CO.

1. INSURANCE—LIFE INSURANCE—RIGHT TO CHANGE BENEFICIARY —VESTED INTEREST.

As beneficiary under an insurance policy on the life of her husband, who reserved the right to change the beneficiary, the wife had no vested interest, but only a revokable expectancy contingent upon remaining the beneficiary to the time of the death of insured.

2. SAME—RIGHT TO CHANGE BENEFICIARY WITHOUT PRODUCING POLICY—WAIVER.

Change of beneficiary, under power reserved, rested with the insured, subject only to recognition by the company, and the provided method of change constituted no promise, on the company's part, to the beneficiary, to adhere to the letter of that method in case the insured and the insurer were content to and in fact accomplished such change without the production of the policy and indorsement thereon, since the parties to the contract, the insured and insurer, could waive such requirement.

3. SAME—INDORSEMENT OF CHANGE ON POLICY MERELY A MINISTERIAL ACT.

If the provision that the change of beneficiary should not take effect until indorsement thereof on the policy by the company was a material part of the contract, by way of providing evidence of the insurer's consent to such change, it called for no more than a ministerial act on the part of the company, for the insured had a right to such change, and the insurer was bound to indorse it upon the policy on request.

4. SAME—CHANGE OF BENEFICIARY—ABROGATED BENEFICIARY LOSES ALL INTEREST IN POLICY.

When an insured has done all he can to make the change of beneficiary effective, and the company assents thereto, an abrogated beneficiary has lost all interest under the policy.

5. SAME—INSURER NOT LIABLE BECAUSE POLICY NOT PRODUCED.

That the insurer did not insist upon strict compliance

On surrender of policy of ordinary life insurance without consent of beneficiary, see note in 35 L. R. A. (N. S.) 844.

On the question of surrender and return of benefit certificate as a condition of change of beneficiaries, see note in 1 A. L. R. 971.

with its power to have the policy produced at the time
of the change of beneficiary, would not render it liable
in an action by the original beneficiary.

6. SAME—NO DISTINCTION BETWEEN INSURANCE COMPANIES AND
MUTUAL COMPANIES WHERE RIGHT TO CHANGE BENEFICIARIES
RESERVED.,
    There is no distinction, in the governing rules of law,
    between an ordinary life insurance policy in which the
    insured has reserved the right to change the beneficiary
    and mutual and fraternal insurance policies under which
    the by-laws or charters give the right of change.

7. SAME — RIGHT TO CHANGE BENEFICIARY — RIGHT TO CANCEL
POLICY.
    Although insured and insurer could not agree to a sur-
    render and cancellation of the policy while insured's wife
    was named as beneficiary, yet after lawfully changing
    the beneficiary to his estate, insured could surrender the
    policy for cancellation.

8. SAME—RIGHTS OF BENEFICIARY PAYING PREMIUMS.
    That plaintiff wife paid the premiums, gave her no
    greater rights than if the husband had paid them.

Error to Kent; Brown (William B.), J.    Submitted
April 28, 1922.    (Docket No. 89.)    Decided July 20,
1922.

Assumpsit by Helen Quist against the Western &
Southern Life Insurance Company on a policy of in-
surance.    Judgment for plaintiff on a directed verdict.
Defendant brings error.    Reversed.

*Knappen, Uhl & Bryant,* for appellant.

*C. G. Turner* and *Laurence W. Smith,* for appellee.

WIEST, J.    The husband of plaintiff took out a
life insurance policy in defendant company, payable
to plaintiff as beneficiary, reserving the right to
change the beneficiary.    The policy was placed in
the hands of plaintiff by her husband and she paid
the premiums as they fell due.    Just before his death

the insured, through arrangement with defendant company, constituted his estate beneficiary in place and stead of plaintiff, received from defendant a return of the premiums paid and agreed to a surrender and cancellation of the policy. The policy being in the hands of plaintiff, was not surrendered, but the insured in writing stated to the company the reason why he could not turn in the policy for indorsement of change of beneficiary. Plaintiff as beneficiary brought this suit, claiming the acts of the insured and defendant company did not revoke her rights as beneficiary. The specific reasons for such claim will be mentioned in the course of this opinion. Plaintiff had judgment as beneficiary and the case is here on writ of error.

Plaintiff does not claim she had a vested interest that could not be cut off if the insured complied with the conditions relative to change of beneficiary, but claims she had an interest therein, and the terms of the policy constituted a promise on the part of the insurer that it would change her interest only in accordance with the terms of the contract with the insured. We fail to discover such claimed interest or promise. As beneficiary under this policy she had no vested interest but only a revocable expectancy contingent upon remaining the beneficiary to the time of the death of the insured.

Change of beneficiary, under power reserved, rested with the insured, subject only to recognition by defendant company, and the provided method of change constituted no promise, on defendant's part, to the beneficiary, to adhere to the letter of that method in case the insured and the insurer were content to and in fact accomplished such change without the production of the policy and indorsement thereon. The obvious purpose of the production of a policy and indorsement thereon of change of beneficiary is

to evidence the consent of the insurer to a result accomplished at the request of the insured and to obviate the possibility of conflicting claims. The designation of plaintiff as beneficiary was revoked by the insured and his estate appointed beneficiary. The insured, as one party to the contract, and the insurer as the other, could waive indorsement on the policy of change of beneficiary.

If the provision that the change of beneficiary should not take effect until indorsement thereof on the policy by the company was a material part of the contract, by way of providing evidence of the insurer's consent to such change, as held in *O'Donnell* v. *Insurance Co.*, 11 Del. Ch. 4 (95 Atl. 289) ; *Sheppard* v. *Crowley*, 61 Fla. 735 (55 South. 841) ; *Metropolitan Ins. Co.* v. *Clanton*, 76 N. J. Eq. 4 (73 Atl. 1052) ; *New York Life Ins. Co.* v. *Murtagh*, 137 La. 760 (69 South. 165) ; *Freund* v. *Freund*, 218 Ill. 189 (75 N. E. 925, 109 Am. St. Rep. 283), it called for no more than a ministerial act on the part of the company, for the insured had right of change of beneficiary and the insurer was bound to note the change requested by indorsement upon the policy. When an insured has done all he can to make the change of beneficiary effective and the company assents thereto an abrogated beneficiary has lost all interest under the policy. Stipulated formalities may be waived.

"Although the rule is settled that change of beneficiary must be made in the manner prescribed in the laws of the society, with some exceptions it is also now equally well settled that the society may waive compliance with the required formalities." 1 Bacon's Life & Acc. Ins. (4th Ed.) § 406.

Plaintiff cannot urge that the company is liable because it did not insist upon strict compliance with its power to have the policy produced at the time of the change of beneficiary. *Fischer* v. *Malchow,*

93 Minn. 396 (101 N. W. 602) ; *Delaney* v. *Delaney,* 175 Ill. 187 (51 N. E. 961).

Excuses for not producing the policy or certificate have been recognized in this State. In *Grand Lodge, A. O. U. W.,* v. *Child,* 70 Mich. 163, the certificate was lost. In *Grand Lodge, A. O. U. W.,* v. *Noll,* 90 Mich. 37 (15 L. R. A. 350, 30 Am. St. Rep. 419), the certificate was lost or mislaid. In *Grand Lodge, A. O. U. W.,* v. *Kohler,* 106 Mich. 121, the original beneficiary had the certificate in her custody and refused to deliver it. See, also, *Grand Lodge, A. O. U. W.,* v. *Fisk,* 126 Mich. 356.

In *Royal Arcanum* v. *Behrend,* 247 U. S. 394 (38 Sup. Ct. 522, 1 A. L. R. 966), the claim was made that the certificate had not been surrendered and the beneficiary had not been requested to surrender or deliver up the same for change of beneficiary. The court held such fact not material, saying:

"As indicated by the printed 'form for change of beneficiary' indorsed on the certificate, which refers to both 'surrender and return,' the requirement of a surrender does not necessarily imply a return to the order of the original paper called the benefit certificate. Furthermore, requirements of that character are made for the protection of the society and, if complied with to its satisfaction or if waived by it during the life time of the insured, cannot be availed of to support the claim of a former beneficiary."

See, also, *Ladies of the Modern Maccabees* v. *Daley,* 166 Mich. 542.

There is no longer any distinction, in the governing rules of law, between an ordinary life insurance policy in which the insured has reserved the right to change the beneficiary and mutual and fraternal insurance policies under which the by-laws or charters give the right of change. *Rosman* v. *Insurance Co.,* 127 Md. 689 (96 Atl. 875, Ann. Cas. 1918C, 1047).

Any permanent vested interest in plaintiff as bene-

ficiary was rendered impossible under the very terms of the contract for the insurance, and could become vested only in case she remained the beneficiary at the death of the insured. The authority is so uniform upon this subject that but few cases need be cited. It was so held in *Metropolitan Life Ins. Co.* v. *O'Brien,* 92 Mich. 584; *Golden Star Fraternity* v. *Martin,* 59 N. J. Law, 207 (35 Atl. 908); *Mutual Benefit Life Ins. Co.* v. *Swett,* 137 C. C. A. 640, 222 Fed. 200 (Ann. Cas. 1917B, 298).

It is claimed in behalf of plaintiff that, under the contract for the insurance, her right as beneficiary was not subject to surrender or cancellation of the policy but only subject to the revocation of her appointment and the designation of another beneficiary in her place and stead. It is undoubtedly true, as urged in behalf of plaintiff, that the insured and the insurer could not, so long as she remained the beneficiary, agree to a surrender and cancellation of the policy. *Indiana Nat. Life Ins. Co.* v. *McGinnis,* 180 Ind. 9 (101 N. E. 289, 45 L. R. A. [N. S.] 192). It is equally true that if the insured revoked the designation of plaintiff as beneficiary and lawfully designated his estate as beneficiary then he had a right, having control of his estate, to surrender the policy for cancellation. If there was a valid revocation of her appointment as beneficiary, and the designation of another beneficiary, then subsequent surrender and cancellation of the policy could not operate to revive plaintiff's abrogated right as beneficiary. If her right as beneficiary was ended then she had no concern in the subsequent proceedings. If the change of beneficiary to his estate was valid, then the insured had a right to surrender the insurance to the company and take the surrender value.

Upon the question of the interest of the insured in the policy under a designation of his estate as bene-

ficiary, see *Cohen* v. *Samuels*, 245 U. S. 50 (38 Sup. Ct. 36), and *Cohn* v. *Malone*, 248 U. S. 450 (39 Sup. Ct. 141). It is quite apparent that defendant company desired the surrender and cancellation of the policy in suit, and to that end prepared most of the papers signed by the insured at its home office. We have considered the argument that the change of bene-ficiary and surrender and consent to cancellation of the policy was all one transaction, but find this of no advantage to plaintiff. With the change of bene-ficiary to his estate accomplished the insured was at liberty at once to take a return of the premiums paid and consent to surrender and cancellation of the insurance.

The fact that plaintiff paid the premiums gave her no greater rights than if the husband had paid them, and this is conceded by counsel. Technically the defendant is in the right and plaintiff is without remedy.

Upon the record herein the plaintiff was not entitled to recover, and the judgment is set aside and a new trial granted, with costs to defendant.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.