IDA E. KNAPPEN v. LOCOMOTIVE ENGINEERS MUTUAL LIFE & ACCIDENT INSURANCE COMPANY AND ANOTHER.[1]

March 5, 1926.

No. 25,151.

**Finding sustained as to change of beneficiary in insurance policy.**

1. The finding that the insured had substantially complied with the requirements of the association to effect a change of beneficiary, and that further or more complete compliance therewith had been waived is sustained by the evidence.

**Insured may change beneficiary in policy subject to rules of association.**

2. The insured may change the beneficiary at his pleasure except as restricted by the rules of the association, and these rules may be waived without the consent of the former beneficiary.

**Change becomes effective without action by association.**

3. Under the laws of this association the change becomes effective on the date of the application therefor without any act on the part of the association.

[1]Reported in 207 N. W. 641.

**Proof of substantial compliance with rules and waiver of further compliance competent.**

4. It was competent to prove a substantial compliance with the prescribed conditions and also a waiver of further compliance therewith.

**Court had discretion to decide what issues should be submitted to jury.**

5. It was within the discretion of the court to determine what issues, if any, should be submitted to a jury.

Equity, 21 C. J. p. 586 n. 2, 3.
Mutual Benefit Insurance, 29 Cyc. pp. 126 n. 19, 20; 133 n. 60 New; 135 n. 73; 136 n. 77; 239 n. 99; 244 n. 39.
Trial, 38 Cyc. p. 1936 n. 80.

Action in the district court for Hennepin county to enjoin defendant association from making any payment on certain benefit certificates. The case was tried before Nordbye, J., and a jury which returned a verdict that Sydney R. Knappen wrote the signature "Sydney R. Knappen" which appears upon the exhibit marked as defendants' Exhibit 4. The court found that decedent changed his designation of beneficiary in the certificates of insurance to Mabel C. Knappen and that she was entitled to receive from the clerk of court $4,500 deposited by defendant association. Plaintiff appealed from the judgment. Affirmed.

*George T. Simpson* and *William A. Chisholm*, for appellant.

*Orin M. Oulman* and *Oppenheimer, Peterson, Dickson & Hodgson*, for respondents.

TAYLOR, C.

The defendant corporation, a fraternal beneficiary association, issued three benefit certificates to Sydney R. Knappen, each for the sum of $1,500, and in each of which plaintiff, his wife, was named as beneficiary. He and his wife became estranged and separated, and before his death he designated his sister, defendant Mabel C. Knappen, as beneficiary in the certificates. Whether the change of beneficiary became effective under the laws of the association is the question in controversy. After the death of Sydney R. plaintiff

brought this action against the association and Mabel C., asserting that she was the beneficiary in the certificates; that the defendants wrongfully claimed that Mabel C. had been substituted as beneficiary therein; and that the association would pay the amount thereof to defendant Mabel C. unless restrained from so doing. She asked that the association be enjoined from making any payment upon the certificates until the further order of the court, and that she recover the amount thereof from the association. The association, in its answer, admitted liability upon the certificates, stated that it stood indifferent between the claimants, and asked to be permitted to pay the money into court. At the trial it paid the money into court by consent of the parties and was discharged from further liability.

The defendant Mabel C., who will be intended by the term defendant when used hereafter, interposed a cross-complaint setting forth the rules of the association relating to a change of beneficiary, and setting forth in detail the matters and proceedings by which she claimed to have been substituted as beneficiary in the stead of the plaintiff. She admitted that plaintiff was entitled to the insurance unless she established her claim to it under her cross-bill.

Section 22 of the laws of the association provides that:

"A certificate holder of this association having designated his beneficiary or beneficiaries, may change the same at his pleasure without notice to or consent of the beneficiary or beneficiaries, by returning his certificate or certificates to the home office, through the insurance secretary of the division to which he belongs, and informing the President and General Secretary-Treasurer by a written request over his own signature, on a form furnished by the home office and witnessed by one of the insured members of the insured's division, of changes desired; provided, that the new beneficiaries shall come within the classes named in section 1, for which a fee of twenty-five cents will be charged for each $1,500 so changed."

The next section provides that, if unable to return old certificates, duplicates will be granted on an affidavit stating the facts and

waiving all rights under the former certificates, "such change to be effective from the date borne by the request."

Members were instructed that "all requests for change of beneficiaries must be made by the insured member over his own signature through the insurance secretary of his division;" and that "it will be the policy of the home office to transact all insurance business with and through the insurance secretaries of their respective divisions, exclusively."

The trial court made full findings, and among other things made findings to the effect that J. H. Weaver was the insurance secretary of the division of which Sydney R. was a member; that it was the policy of the association to transact all insurance business through such secretary, exclusively; that in 1923 Sydney R. asked Weaver what steps were necessary to make a change of beneficiary in his certificates and how long it would take to make such change; that Weaver stated that all that was necessary was to surrender the certificates to him, Weaver, pay the fee and designate the new beneficiary on the form provided by the association, and that the change would be effective from the date of the request therefor; that on July 10, 1924, Sydney R. surrendered his certificates to Weaver, paid the fee and made an application witnessed by Weaver for a change of beneficiary to his estate; that Weaver forwarded the application together with the certificates and fee to the home office; that on receiving the papers the home office informed Weaver that the change could not be made to the estate of the insured under the rules; that thereupon Weaver filled out another application for a change leaving a blank space for the name of the beneficiary, signed it as a witness, and sent it, together with one of his official envelopes stamped and addressed to the home office, to Sydney R. by a mutual friend with instructions to tell him that all that was necessary to effect a change of beneficiary was to insert the name of the new beneficiary in this application, sign it, inclose it in the envelope, and deposit it in the mail; that on August 2, 1924, Sydney R. was in a hospital and about to undergo an operation, and at his special request Charles Ross procured the application and

brought it to him at the hospital; that he caused the name of defendant Mabel C. to be inserted in the application as beneficiary, then signed it, had it inclosed in the envelope and delivered it to Ross with a request to mail it; that Ross took it to the post-office and registered it that evening; that it reached the post-office at Cleveland August 4, 1924, and was delivered to the association in the forenoon of August 5, 1924; that this application, designated in the record as Exhibit 4, was signed by Sydney R. in the presence of Charles Ross who was a member of the same insurance division of which Sydney R. was a member, but was not signed in the presence of Weaver; that Sydney R. surrendered his certificates, paid the required fee and executed Exhibit 4 with the intention of revoking his original designation of a beneficiary and of substituting defendant Mabel C. as beneficiary in each of the certificates; that he did everything stated by Weaver, the secretary, as necessary to effect such a change and had substantially complied with all the laws of the association relating to the making of such changes; that the deviation therefrom, if any, was waived by the association; and that defendant Mabel C. had been duly substituted as his beneficiary before his death which occurred early in the morning of August 5, 1924. The court entered judgment awarding to Mabel C. the amount deposited by the association. Plaintiff appealed.

Plaintiff contends that Exhibit 4, the second application for a change of beneficiary, was defective and insufficient to effect a change, for the reason that Weaver, who subscribed it as a witness, did not see the insured sign it, and that Ross, who saw him sign it and was a qualified witness under the rules, did not subscribe it as such. It was, in fact, signed in the presence of four witnesses. The court found that the insured had substantially complied with the requirements of the association and that any further or more complete compliance therewith had been waived by the association.

We think the record amply justifies these findings. The insured was directed to transact all insurance business with and through the insurance secretary of his division. He applied to the secretary and was informed how to effect a change, and did everything which

the secretary said was necessary to effect the change exactly as the secretary told him to do it. The association was notified of the death of the insured by telegraph on August 5, 1924, before it had opened the letter containing Exhibit 4, and for that reason took no further action in the matter; but the association has never objected to Exhibit 4 nor questioned its sufficiency to effect a change of beneficiary. In fact after opening its mail and examining Exhibit 4 it issued a notice that Mabel C. was the beneficiary.

During the lifetime of the insured, the beneficiary named in such certificates has no vested interest therein and may be changed by the insured at his pleasure except as restricted by the rules and regulations of the association. These rules and regulations are for the benefit and protection of the association, and may be waived by it without the knowledge or consent of the beneficiary. Schoenau v. Grand Lodge, 85 Minn. 349, 88 N. W. 999; Fischer v. Malchow, 93 Minn. 396, 101 N. W. 602; Vanasek v. W. B. F. Assn. 122 Minn. 273, 142 N. W. 334, 49 L. R. A. (N. S.) 141, Ann. Cas. 1914D, 1123; Supreme Council v. Behrend, 247 U. S. 394, 38 Sup. Ct. 522, 62 L. ed. 1182, 1 A. L. R. 966.

The regulations of this same association relating to a change of beneficiary were given extended consideration by the Iowa court in Thomas v. Locomotive Engineers M. L. & A. Ins. Assn. 191 Iowa, 1152, 183 N. W. 628, 15 A. L. R. 1240. That case was much like the present case. The insured who had been divorced from his wife was in a hospital about to undergo an operation. He wrote the secretary that he wished to change the beneficiary from his wife to his sister, that his wife had the certificate but denied having it, and asked if he was required to send it in. The secretary replied by letter that if the certificate could not be returned the insured must give him a full explanation of the reason for not returning it and the full name of the new beneficiary. The insured again wrote the secretary, stating the reasons for not returning the certificate and giving the full name of the new beneficiary. Although the laws of the association required that the reason for not returning the certificate be shown by affidavit, the court held that

these letters effected a change of beneficiary, for the reason that the insured did everything which he was directed to do by the secretary and that the action of the secretary operated as a waiver of any different or further compliance with the requirements, especially as the association had raised no question concerning it. The point that no witness signed these letters seems not to have been raised.

It will be noted that under the laws of this association the insured may change the beneficiary at his pleasure, and that the change becomes effective at the date of the application and does not depend upon any action to be thereafter taken by the association. For this reason cases determining what is necessary to effect a change of beneficiary in societies whose laws provide that no such change shall be effective, or that the old certificate shall remain in force, until the society shall have issued a new certificate, or shall have taken some other specified action in the matter, are not in point. Among the cases construing laws of this nature are Vanasek v. W. B. F. Assn. 122 Minn. 273, 142 N. W. 334, 49, L. R. A. (N. S.) 141, Ann. Cas. 1914D, 1123; Hughes v. Modern Woodmen, 124 Minn. 458, 145 N. W. 387; and Logan v. Modern Woodmen, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676.

In the present case the secretary prepared the application on a blank furnished by the association for that purpose, signed it as a witness as he had signed the previous one, and sent it to the insured with the statement that, when he had inserted the name of the new beneficiary, signed it and put it in the mail, the change would be effected. This was done exactly as directed. The only defect claimed is that the secretary who signed as a witness was not present when the insured signed, and that the qualified witness who was present did not sign as a witness, although he deposited the paper in the mail and registered it. As the association requires that such business be transacted with the secretary, and has not questioned his authority, nor the binding effect of the instructions which he gave, nor the sufficiency of the application to accomplish the change, we think that the defect was waived and

that the change became effective in the lifetime of the insured. Furthermore the defect was, at most, a mere technical deviation from the requirement, committed by the insurance secretary who had charge of the matter, and cannot be permitted to defeat the clearly expressed intention of the insured.

At the trial plaintiff made a motion that defendant be required to elect whether she relied upon the claim that the provisions of the laws of the association had been complied with, or upon the claim that compliance therewith had been waived, and urges the denial of this motion as error. The ruling was correct. It was competent for defendant to show that the laws of the association had been substantially complied with and also to show that, if there were any unperformed conditions, the association and its acting officer had waived the performance thereof.

The court submitted one question to a jury and refused to submit any other questions to them. Plaintiff urges as error the refusal to submit other questions which involved the veracity of witnesses. Plaintiff's title to the fund having been admitted unless diverted by the facts asserted in defendant's cross-complaint, the cause was tried as a cause in equity on the cross-complaint and the ruling was clearly within the discretion of the court. Dun. Dig. §§ 9838, 9839.

The record fully sustains the findings of the learned trial court; there are no errors, and the judgment is affirmed.