ANNA BRAJOVICH v. METROPOLITAN LIFE INSURANCE COMPANY AND OTHERS.
MIKE KOVICH, RESPONDENT.[1]

May 19, 1933.

No. 29,348.

[1]Reported in 248 N. W. 711.

124

*Austin & Wangensteen,* for appellant.
*Gannon, Strizich & Kleffman,* for respondent.

*OLSEN, Justice.*

Appeal by plaintiff from an order denying her motion for a new trial.

■ The decedent, Eli Kovich, was insured under an employe's group insurance policy in the defendant Metropolitan Life Insurance Company. He was employed by Orwell Iron Company in mining operations in St. Louis county. He died June 1, 1930. Pickands Mather & Company was the operating manager of the Orwell company and other mining companies. The Pickands Mather company appears to have handled the insurance with the insurance company for the employes. In addition to the group policy, there was issued a certificate of insurance to each employe insured. Such a certificate was issued to Eli Kovich in April, 1927. In that certificate one Mike Odovich was named as beneficiary. The certificate, as we read it, reserves to the insured the right to change the beneficiary. Then follows a provision that:

"The beneficiary may be changed from time to time, such change to take effect upon receipt by the Metropolitan Life Insurance Company of due application for such change, and upon endorsement on the employee's Certificate by the Insurance Company covering such change."

On February 20, 1930, the insured, by written instrument, on a form provided by the insurance company, changed the beneficiary in his certificate so as to designate Mike Kovich as beneficiary, which change was duly received by and indorsed upon the certificate by the insurance company.

On April 17, 1930, the insured duly executed in writing another change of beneficiary, in like form, designating this plaintiff, Anna Brajovich, as beneficiary of his insurance. This change of beneficiary, together with the certificate of insurance, was sent by mail to the home office of the insurance company in New York by the Pickands Mather company at Hibbing, Minnesota, acting for the insured, on or about April 19, 1930. The letter, written by the Pickands Mather company, transmitting to the insurance company the certificate and change of beneficiary, read in part as follows:

"We are enclosing herewith Form G-30, change of beneficiary form, together with Group Life Insurance Certificate of the above employee, who wishes to have his beneficiary changed from Mike Kovich to Anna Brajovich, Friend."

The change of beneficiary to plaintiff was not indorsed by the insurance company upon the certificate of Eli Kovich. At the trial there was an issue raised as to whether the change of beneficiary signed by the insured was in fact transmitted to or received by the insurance company in the letter written by Pickands Mather & Company to that company on or about April 19, 1930. That the letter and the certificate were duly received by the insurance company on or about April 21, 1930, is conceded, but on April 24, 1930, it wrote a letter to Pickands Mather & Company stating that the change of beneficiary referred to in the letter had not been received by the insurance company, and inclosed another blank form for change of beneficiary.

The defendant Metropolitan Life Insurance Company admitted liability on the policy and was permitted to pay the amount of the policy into court and be released from further liability. Mike Odovich and Mike Kovich were brought in as claimants. The issues as between the plaintiff and these two claimants, as to which one of the three was entitled to the fund deposited, were then tried before the court and a jury. The court directed a verdict against the claimant Odovich, and he has not appealed. As between the plaintiff and the claimant Mike Kovich, the court was of the opinion that there was only one question of fact to be submitted to the jury. This was submitted to the jury in the form of a special verdict as follows:

"Was the application for a change of beneficiary from Mike Kovich to the plaintiff, Anna Brajovich, received by the Metropolitan Life Insurance Company at New York?"

The jury answered the question "Yes." The court thereafter made findings of fact and conclusions of law in the case. The here material findings are in substance that on or about April 17, 1930, Eli Kovich, while in sound mind, duly executed a change of bene-

ficiary from Mike Kovich to Anna Brajovich, and that this was duly mailed at the direction of the insured, together with his policy of insurance, to the insurance company at its home office on or about April 19, 1930. Adopting the special verdict of the jury, the court then found that said change of beneficiary and policy were received by the insurance company at its home office about April 21, 1930. The court then proceeded to find that the change of beneficiary was in some manner lost when the mail was being opened, or shortly thereafter, so that the insurance company never knowingly received said change and has never seen it. The finding that the change of beneficiary was so lost is challenged by plaintiff as not sustained by the evidence. The only basis for the findings seems to be the letter from the insurance company, before referred to, wherein it states, not that the instrument was lost, but that it was not received. There was nothing said to the jury in the charge as to any question of a loss of the change of beneficiary. The jury and the court having found that the change of beneficiary was duly forwarded to and received by the insurance company, the insured had then done all that was required on his part to effect a change of beneficiary. The indorsement of such change upon the policy was but a formal or ministerial act which the insurance company, under this policy, was obligated to do. It had no option or right to do otherwise. If we assume that the change of beneficiary was lost or misplaced by the insurance company after its receipt, such loss, not otherwise explained, must have resulted from some negligence or fault of an employe of the company, for which the company and not the insured was responsible. If the change of beneficiary, signed by the insured, was lost after receipt thereof by the company, it nevertheless had the letter from Pickands Mather & Company accompanying the application, which contains all information required for a change of beneficiary, except that it is not signed by the insured personally. But it was signed by Pickands Mather & Company, the agent of the insured in such matters. The certificate of insurance, after reserving to the insured the right to change the beneficiary, provides that such change is to be made

upon receipt by the insurance company of "due application for such change." It does not specify what the form of such application shall be or how it shall be signed or executed. That it shall be in writing is reasonably apparent. But, when so made, we see no objection to its being by an agent thereto authorized by the insured. The insurance company was well aware that Pickands Mather & Company was acting for the insured employe, the same as for other employes, under the group policy. We reach the conclusion that the change of beneficiary to this plaintiff became effective upon receipt by the insurance company of the change of beneficiary, the certificate of insurance, and the letter from Pickands Mather & Company on or about April 21, 1930.

■ Where, as here, the insured has the unrestricted right to change the beneficiary and has done substantially all that he is required to do to effect such change, the change becomes effective notwithstanding the fact that the insurance company has lost the instrument executed by the insured or has failed or refused to indorse such change upon the policy. In such case equity will consider that done which should have been done by the insurance company. Reid v. Durboraw (C. C. A.) 272 F. 99; Brown v. Home L. Ins. Co. (D. C.) 3 F. (2d) 661; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Mutual L. Ins. Co. v. Lowther, 22 Colo. App. 622, 126 P. 882; Daugherty v. Daugherty, 152 Ky. 732, 154 S. W. 9; Quist v. Western & S. L. Ins. Co. 219 Mich. 406, 189 N. W. 49; New York L. Ins. Co. v. Cook, 237 Mich. 303, 211 N. W. 648; Goodrich v. Grand Lodge, 107 Neb. 250, 185 N. W. 404; White v. White, 194 N. Y. S. 114; Hall v. Prudential Ins. Co. 132 Misc. 162, 229 N. Y. S. 228; Wentworth v. Equitable L. Assur. Soc. 65 Utah, 581, 238 P. 648; John Hancock Mut. L. Ins. Co. v. White, 20 R. I. 457, 40 A. 5; State Mut. L. Ins. Co. v. Bessett, 41 R. I. 54, 102 A. 727, L. R. A. 1918C, 961; 37 C. J. 585; 14 R. C. L. p. 1392, § 556.

A number of our own cases have been cited by the parties. Most, if not all, of them arose under certificates issued by fraternal and mutual benefit societies. These cases are not specially applicable to the facts in the present case. Hall v. N. W. Endowment & L.

Assn. 47 Minn. 85, 49 N. W. 524, cited by respondent, and Knappen v. Locomotive E. M. L. & A. Ins. Co. 166 Minn. 328, 207 N. W. 641, cited by appellant, may be referred to.

■ The action, as originally brought against the insurance company as sole defendant, was an action at law for the recovery of money only. When the company was permitted to pay the money into court and be discharged, and the claimants Mike Odovich and Mike Kovich were required to and did interplead and new pleadings were made, it became, not a suit to recover money from the insurance company, but a suit to determine which one of the three claimants, plaintiff, Mike Odovich, or Mike Kovich, had the superior right to the money deposited in court. The courts have generally held that such an action then becomes a suit in equity or one to which equity principles and rules apply. Knappen v. Locomotive E. M. L. & A. Ins. Co. 166 Minn. 328, 207 N. W. 641, recognizes this rule.

■ The court, in our present case, further found that after April 24, 1930, "both the plaintiff and the insured were notified that the insurance company claimed it had not received the change of beneficiary and would not make the change until it did receive one; that a blank form of change of beneficiary was sent to the insured, Eli Kovich, in the early part of May, 1930; that though requested to fill same out so that it could be forwarded to the insurance company, he failed to do so, although he was physically and mentally competent to act."

The court, as shown by its memorandum, concluded that because, after being informed that the insurance company claimed it had not received the change of beneficiary mailed to it on or about April 19, 1930, and which both the court and the jury found it had received, the insured failed promptly to execute and forward to the company a second change of beneficiary, this either evidenced a desire on his part to leave things as they were or a failure on his part to do everything reasonably required of him to effect a change, and that in either event no change of beneficiary resulted.

If, as already stated, the change of beneficiary became effective on receipt by the insurance company of the instrument effecting such change, on or about April 21, 1930, the nonaction of the insured on being informed that the company claimed it had not received that instrument, when in fact it was received, did not revoke the change already made. That could be effected only by transmitting to the company a new change of beneficiary to some person other than this plaintiff. The insured himself, or by anyone acting for him, never had any communication with the insurance company after sending in the change of beneficiary on or about April 19, 1930. He was ill and was taken to a hospital at Duluth on May 2, 1930, where he remained until his death on June 1, 1930.

As far as shown by the record, the only notice or information coming to the insured about the claim of the insurance company that the change of beneficiary was not received came, not from the insurance company, nor from his employer, but from plaintiff. The employer, Orwell Iron Company, was informed by Pickands Mather & Company that the insurance company claimed it had not received the change of beneficiary. Thereafter, some time between May 15 and May 22, an officer or employe of the Orwell company notified this plaintiff and furnished her a blank form of change of beneficiary, which she sent to the insured at Duluth. Plaintiff visited the insured at the hospital in Duluth about May 29, 1930. At that time the insured had in his possession the blank form of change of beneficiary which plaintiff had sent him, and there was effort on her part to have the blank signed by the insured. He did not fill it out or sign it. What conversation was had between them could not be shown by testimony of plaintiff, and is not shown.

■ The question of waiver by the insurance company, by reason of its admitting liability on the policy and paying the money into court, has been argued. We need not pass upon the question. While the company can waive many defects or defaults in matters which the insured is required to do under the contract of insurance, there is lack of accord in the authorities as to the effect of any such waiver upon the rights of claimants to a fund paid into court, as here done.

The case is not one for judgment notwithstanding the verdict, as the verdict is in plaintiff's favor on the one question submitted. On the evidence and findings made, we hold that the change of beneficiary to plaintiff was sufficient and became effective, and that any nonaction of the insured to execute a duplicate change of beneficiary was not such as to deprive plaintiff of her rights under the change of beneficiary to her. The order appealed from is reversed with directions to the trial court to amend its conclusions of law so as to direct judgment in plaintiff's favor for recovery by her of the fund deposited in court.

Reversed with directions.

